# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Latreka Jones,                                        Case No. 0:19-cv-02521-DSD-KMM

           Plaintiff,

v.

                                                        **ORDER**

Capella University, et al.,

           Defendants.

This matter is before the Court on Latreka Jones's January 27, 2020 letter. [Pl.'s Letter, ECF No. 17.] Ms. Jones, who is currently representing herself, alleges that Capella University and the other defendants wrongfully prevented her from completing her studies and earning a degree. [Compl., ECF No. 1.] In her January 27th letter, she asks the Court to appoint an attorney to represent her in this case. [Pl.'s Letter at 1, 3.]

The Court is sympathetic to the concerns Ms. Jones has raised in her letter, including financial hardship and other difficulties she has faced in her life. However, unfortunately for Ms. Jones, unlike in criminal cases where the Sixth Amendment guarantees an individual the right to legal representation, there is no comparable right to appointment of counsel in a civil case like this one. *See, e.g.*, *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) ("There is no constitutional or statutory right to appointed counsel in civil cases."). "[I]n its discretion, a court may appoint counsel to represent an indigent [plaintiff] in a civil case." *Allen v. Reid*, Case No. 15-cv-1905 (WMW/SER), 2016 WL 3136859, at *8 (D. Minn. June 3, 2016) (citing *Phillips*, 437 F.3d at 794). Courts consider "'whether the nature of the litigation is such that plaintiff as well as the court will benefit from the appointment of counsel.'" *Id.* (quoting *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984)). There are several factors that inform the Court's exercise of its discretion, including: "'the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments.'" *Id.* (quoting *Phillips*, 437 F.3d at 794).

Having reviewed the entire record in this case, the Court concludes that appointment of counsel is not warranted at this time. The factual and legal issues in this case do not appear to be terribly complex. We are not yet at a stage where conflicting testimony exists and skillful

questioning of counsel would be of great importance. There is no indication that Ms. Jones is incapable of investigating the facts, and through her written submissions, she has demonstrated that she is effective in presenting her claims. For these reasons, her request for appointment of counsel is denied without prejudice. If the circumstances change as the litigation progresses, Ms. Jones may later renew her request for appointment of counsel.

Despite the Court's conclusion that appointment of counsel is not warranted in this case, the Court will, by separate letter, refer Ms. Jones to the Federal Bar Association's *Pro Se* Project. As explained in more detail in the letter, the *Pro Se* Project is a program administered by the FBA that attempts to connect unrepresented litigants with a volunteer attorney whom they may consult regarding their cases. Although these volunteer attorneys sometimes agree to represent parties, the Project does not guarantee that an attorney will be willing to represent any *pro se* litigant. If Ms. Jones wishes to participate in the *Pro Se* Project, she must promptly follow the instructions provided in the separate letter and contact Tiffany Sanders, the *Pro Se* Project Coordinator.

The Court notes that Defendants have filed a motion to dismiss Ms. Jones's Complaint and Ms. Jones has filed a response. The Defendants have not yet filed a reply memorandum. Because the motion to dismiss will be handled by the Honorable David S. Doty, the undersigned has discussed Ms. Jones's letter request and the Court's intention to refer Ms. Jones to the *Pro Se* Project so that she may consult with a volunteer lawyer with Judge Doty. Judge Doty and the undersigned Magistrate Judge agree that this case should be temporarily stayed for a period of 45 days while the *Pro Se* Project attempts to connect Ms. Jones with a volunteer lawyer for a consultation. After 45 days, the undersigned will issue an appropriate Order regarding the next steps in the litigation.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Ms. Jones's letter request for appointment of counsel **[ECF No. 17]** is **DENIED WTIHOUT PREJUDICE**; and

2. This matter is stayed for a period of 45 days so that Ms. Jones may attempt to consult with a volunteer attorney through the FBA's *Pro Se* Project. On Monday, June 8, 2020, at the latest, the Court will revisit this matter to determine the appropriate next steps and communicate any case-management decisions to the parties.

Date: April 24, 2020

   *s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge